**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.** 3:20-cv-416-JRW

Removed from Jefferson Circuit Court
Civil Action No. 20-CI-02915

**PATRICIA DEVOE**                                                                          **PLAINTIFF**

**v.**                                 **NOTICE OF REMOVAL**

**THE HARTFORD and
BENEFIT MANAGEMENT SERVICES**                            **DEFENDANTS**

Defendant and removing party, Hartford Life And Accident Insurance Company ("Hartford"), incorrectly named as "The Hartford and Benefit Management Services," by its attorney Warren von Schleicher of Smith von Schleicher & Associates, provides Notice of Removal pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:[1]

1. Hartford is the defendant in an action captioned *Patricia Devoe v. The Hartford and Benefit Management Services*, Case No. 20-CI-02915, pending in the Jefferson Circuit Court, Kentucky. The plaintiff, Patricia Devoe ("Plaintiff") commenced this action on March 13, 2020 by filing a Complaint in the Jefferson Circuit Court, in which she asserts a claim for payment of disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

2. On May 20, 2020, Hartford was served with the Summons and Complaint, attached as Exhibits A and B. The Summons and Complaint constitute all of the process, pleadings and orders served on Hartford.

---

[1] Warren von Schleicher is pending admission *pro hac vice*.

3. Based on the date of service, Notice of Removal is due on or before June 19, 2020. Because Notice of Removal has been filed on or before June 19, 2020, Hartford's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446. A copy of the Notice of Filing Notice of Removal to be filed with the Jefferson Circuit Court is attached as Exhibit C.

4. This civil action is removable based on federal question jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1441 because Plaintiff asserts a claim against Hartford in the Complaint under the federal law of ERISA, specifically under ERISA's civil enforcement statute in 29 U.S.C. §1132. (Ex. B, Compl. ¶ 3, Ct. I).

5. Plaintiff, in the Complaint, asserts a claim for payment of long-term disability benefits under ERISA, and expressly alleges: "This is an action brought by a participant to recover LTD [long-term disability benefits] due to Plaintiff and, since the fund is employer based, the action is subject to the terms of §502(e) of the Employment [sic] Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)…." (Ex. B, Compl. ¶ 3). Plaintiff's Complaint asserts a single count titled "Denial is in Violation of ERISA Statute." (Ex. B, Compl. Ct. I).

6. Plaintiff's Complaint, under the count titled "Denial is in Violation of ERISA Statute," further asserts that "Defendant … has breached the terms of the Plan under the dictates of Kentucky law." (Ex. B, Compl. ¶ 19). To the extent Plaintiff is asserting a state law claim in addition to her ERISA claim, such state law claim: (i) is subject to supplemental jurisdiction under 28 U.S.C. §1367(a) because it is so related to Plaintiff's ERISA claim that it forms part of the same case or controversy; and (ii) is completely preempted by ERISA §502(a). Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims, including Plaintiff's "breach" under "Kentucky law" claim, into ERISA

claims, and confers federal jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "[C]auses of action within the scope of the civil enforcement provisions of §502(a) [are] removable to federal court." *Id.* (quoting *Taylor*, 481 U.S. at 66).

7. Federal question jurisdiction exists under 28 U.S.C. §1331 because Plaintiff's claim arises under the federal law of ERISA, and seeks payment of benefits under 29 U.S.C. §1132 under the terms and conditions of an ERISA governed employee welfare benefit plan.

8. Hartford, therefore, is entitled to remove this matter from state court to federal court pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446.

9. Accordingly, the case is properly removable from Jefferson Circuit Court, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division, based on federal question jurisdiction.

WHEREFORE, Removing Party and Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, requests that the above action be removed from Jefferson Circuit Court, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted,

Warren von Schleicher (IL-6197189)  By: */s/ Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES  Attorney for Defendant/Removing Party,
180 North LaSalle Street, Suite 3130  Hartford Life And Accident Insurance Company
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com
(pending admission *pro hac vice*)

3

## CERTIFICATE OF SERVICE

I certify that on June 9, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail.

Robert A. Florio
1500 Story Ave.
Louisville, KY 40206
raflorioatty@hotmail.com

*/s/ Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com
Ill. Bar No. 6197189